FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: __Mar 26 2021__

JAMES N. HATTEN, Clerk

By: __s/E. Morrell__
Deputy Clerk

# United States District Court
## NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

Scott Russell Granden

**CRIMINAL COMPLAINT**

Case Number:  1:21-MJ-317

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief.  On or about March 25, 2021 in Clayton County, in the Northern District of Georgia and elsewhere, defendant(s) did, while aboard an aircraft in the special aircraft jurisdiction of the United States, that is Southwest Flight 2026, en route from St. Louis, Missouri, to Atlanta, Georgia, knowingly engage in sexual contact with R.A.K. by intentionally touching R.A.K.'s inner thigh and buttocks directly and through her clothing, without R.A.K.'s permission, with intent to abuse, humiliate, harass, and degrade R.A.K., and to gratify his own sexual desires,

in violation of Title 18, United States Code, Section(s) 2244(b).

I further state that I am a(n) Special Agent and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.   Yes

Signature of Complainant
Malcolm Washington

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it.  Sworn to me by telephone pursuant to Federal Rule of Criminal Procedure 4.1

__March 26, 2021__
Date

at   __Atlanta, Georgia__
City and State

JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer
AUSA Paul R. Jones
Paul.Jones@usdoj.gov

Signature of Judicial Officer

ATTEST: A TRUE COPY
CERTIFIED THIS

Date: __Mar 26 2021__

JAMES N. HATTEN, Clerk

By: __s/E. Morrell__
Deputy Clerk

I, Malcolm Washington Jr, depose and say under penalty of perjury:

1.   I make this affidavit in support of a criminal complaint charging SCOTT RUSSELL GRANDEN(hereafter GRANDEN) with a violation of Title 18, United States Code, Section 2244(b), Abusive Sexual Contact that occurred within the Special Maritime and Territorial Jurisdiction of the United States (Title 49, United States Code, Section 46506(1)).

2.   I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since April 2009. I am currently assigned to the Hartsfield-Jackson Atlanta International Airport (ATL) Office of the FBI, where I investigate violations of Federal law which occur within the airport and on board commercial aircraft.

3.   Based on my training and experience and the facts set forth in this affidavit, I submit there is probable cause to believe that on March 25, 2021, while aboard Southwest Airlines flight 2026, from St. Louis, Missouri (Saint Louis Lambert International, STL ) to Atlanta, Georgia (ATL), between 4:40pm Central Time Zone (approximate departure ) and 7:17pm Eastern Time Zone (approximate arrival), GRANDEN made abusive sexual contact with passenger R.A.K. while in flight.

4.   On March 25, 2021, after flight 2026 landed, ATL Atlanta Police (APD) met the flight at the gate of arrival, C1, at the request of the passenger and Southwest Airlines.  R.A.K. advised APD that she was sexually assaulted during the flight, and she was escorted to the precinct to give an official statement.  GRANDEN was detained after APD was informed that he was the subject of the assault. After being detained GRANDEN was also escorted to the domestic precinct due to belligerent behavior as he screamed racial epithets at the lead responding APD Officer.   APD contacted the FBI (affiant) due to the assault occurring on board an aircraft.  R.A.K. was interviewed telephonically by affiant and R.A.K. stated, among other things, the following:

a.  R.A.K. was seated in 12C, an aisle seat, while the middle seat, 12B, was occupied by GRANDEN.   Before the flight departed, GRANDEN introduced himself as "Scott" and seemed very talkative as the flight departed.  R.A.K. put in her AirPods and intended to sleep as she was very tired from working her job as an Emergency Room Nurse.  R.A.K. had no relationship with, knowledge of or association to GRANDEN prior to flight 2026 As R.A.K. was drifting in and out of sleep, she jumped as there was turbulence. During such time, R.A.K. noticed GRANDEN's hand on her thigh and initially thought that GRANDEN was bracing her from the turbulence. However, R.A.K. noticed that GRANDEN kept his right hand on her thigh and moved the hand towards her crotch area.  R.A.K. moved his hand away and attempted to go back to sleep, but GRANDEN did the same thing with his right hand a few minutes later.  GRANDEN's right hand was on the top of her thigh, and then he moved the hand into her crotch area.  R.A.K. opened her eyes and observed where GRANDEN's hand was located in her crotch area. She pushed his

1

hand away and told him to stop.  R.A.K. closed her eyes again, but GRANDEN pushed or nuzzled his face into R.A.K.'s neck, kissed her neck and told her how good she smelled. R.A.K. told him to stop again. GRANDEN then aggressively asked her "where's your hands"?  GRANDEN was attempting to get into the hoodie that R.A.K. was wearing, specifically in the area where R.A.K. had her hands, which were in the pocket area. Eventually he stopped and R.A.K. attempted to sleep again, but GRANDEN squeezed her thigh and advised that he needed to "pee". As R.A.K. got up to move, GRANDEN smacked her on her buttocks.  When GRANDEN started to walk towards the bathroom, R.A.K. pushed the flight attendant light and informed the responding flight attendant what had occurred.  GRANDEN upon his arrival back to his seat, was moved to the front of the plane.  When the plane landed in ATL, R.A.K. became very frightened as GRANDEN was staring her down. R.A.K. expressed that she wanted to pursue charges against GRANDEN.

5. The passenger seated in the same row at window seat, 12A went to the precinct to give a statement and was also telephonically interviewed by affiant.  Such passenger, A.A.M., stated, among other things, the following:

a. A.A.M. advised that "the guy in 12B", GRANDEN, was very "chatty" with R.A.K. when he sat in his seat before departure.  "He seemed like he was maybe drunk".  A.A.M. thought that R.A.K. and GRANDEN were together due to GRANDEN touching all over R.A.K.'s body and GRANDEN was constantly nudging R.A.K. with his face.  When GRANDEN got up to use the bathroom, R.A.K. frantically looked over to A.A.M. and asked, "is he touching you too?" She added, "I am not with him and I am uncomfortable".  A.A.M. stated that she was in shock and that, had she had known that they were not together, she would have intervened.  A.A.M. then advised R.A.K. that a flight attendant needed to be called.  A.A.M. had observed GRANDEN digging with his hand in between R.A.K.'s legs and his hand going into and touching R.A.K.'s vaginal area.  A.A.M. also observed GRANDEN curling up to R.A.K. and R.A.K. trying to get away.  "She was terrified when he got up to use the bathroom".

6. Affiant attempted to conduct an in-person interview of GRANDEN at the APD domestic precinct with APD Investigator (Inv.) Olutosin present.  Clayton County Sergeant (Sgt.) Cameron Smith was present also to assist affiant. GRANDEN was advised why he was detained and was read his Miranda Rights.  GRANDEN invoked his rights and then directed racial epitaphs and insults towards affiant and Inv. Olutosin.  GRANDEN was transported by affiant and Sgt. Smith to the Atlanta City Detention Center.

Based on the facts set forth above, I respectfully submit that there exists probable cause to charge SCOTT RUSSELL GRANDEN with violation of Title 18, United States Code, Section 2244, that is abusive sexual contact on board an airplane in the special aircraft jurisdiction of the United States.